**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**DONNA STRAWN HUMBLE,**                                                 **PLAINTIFF**

**vs.**                                         **CIVIL ACTION NO. 1:14-CV-0110-SAA**

**CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY**                         **DEFENDANT**

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's decision denying plaintiff Donna Strawn Humble's application for a period of disability (POD) and disability insurance benefits (DIB) under Title II of the Social Security Act. Docket 13. Plaintiff filed an application for DIB on October 27, 2011, alleging disability beginning May 26, 2011. Docket 7, p. 135. The agency administratively denied her application initially on January 9, 2012 and upon reconsideration on February 10, 2012. Docket 7, p. 72-75, 79-81. Plaintiff then requested a hearing, which an Administrative Law Judge ("ALJ") held on October 29, 2013. The ALJ issued an unfavorable decision on December 20, 2013 (Docket 7, p. 16-26), and the Appeals Council denied plaintiff's request for a review on June 13, 2014, Docket 7, p. 5-7. Plaintiff timely filed the instant appeal from the decision and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born May 11, 1965 and was 46-48 years old during the adjudication period at issue (May 26, 2011 through December 20, 2013). Docket 7, p. 26, 109. She completed the eleventh grade and later obtained her GED. Docket 7, p. 139. She was previously employed as an orderly and a store clerk. Docket 7, p. 24, 127-34, 139-40. Plaintiff contends she was unable to work during the adjudication period due to neuropathy, pain in her lower back that radiated down both legs, and debilitating depression that stemmed from her physical problems. Docket 7, p. 138, 147, 165, 179.

In evaluating plaintiff's disability claim, the ALJ proceeded through the Social Security Administration's five-step sequential evaluation process. 20 C.F.R. 404.1520(a); *see also* Docket 7, p. 16-26. Within that process, the ALJ determined that the claimant meets the insured status requirements of the Social Security Act through December 31, 2015. Docket 7, p. 18. Additionally, the ALJ determined that the claimant had not engaged in substantial gainful activity since the alleged onset date. Docket 7, p. 18. Also, the ALJ determined that plaintiff suffered from several severe impairments such as "disorders of the spine, status post left elbow fractures, neuropathy, obesity, major depressive disorder, generalized anxiety disorder, panic disorder, and borderline intelligence." Docket 7, p. 18. Based on vocational expert testimony, the ALJ concluded that the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy and therefore not disabled under the Social Security Act and denied benefits. Docket 7, p. 25.

The plaintiff contends the ALJ erred by misapplying regulations in considering the medical opinion of a psychologist, Dr. Joe Edward Morris, and by substituting his own opinion

for that of a medical expert. Docket 11, p. 6, 8.

## II. EVALUATION PROCESS

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. The burden rests upon plaintiff throughout the first four steps of this process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, the burden then shifts to the Commissioner at step five. *See Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999). First, plaintiff must prove she is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the plaintiff must prove her impairment(s) are "severe" in that they "significantly limits [her] physical or mental ability to do basic work activities . . .." 20 C.F.R. § 404.1520(c). At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010). 20 C.F.R. § 404.1520(d). If plaintiff does not meet this burden, at step four she must prove she is incapable of meeting the physical and mental demands of her past relevant work. 20 C.F.R. § 404.1520(e). At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work. 20 C.F.R § 404.1520(g). If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work. *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

## III. STANDARD OF REVIEW

The court considers on appeal whether the Commissioner's final decision is supported by

3

substantial evidence and whether the Commissioner used the correct legal standard. *Crowley*, 197 F.3d at 196 (citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993)); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). In making that determination, the court has the responsibility to scrutinize the entire record. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner, *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds the evidence leans against the Commissioner's decision. *See Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *see also Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley*, 197 F.3d at 197 (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the ALJ's conclusions. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crowley*, 197 F.3d at 197. "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson*, 402 U.S. at 390.

## IV. DISCUSSION

The plaintiff asserts that the ALJ erred in two ways, both regarding the mental health evaluation performed by a licensed psychologist, Dr. Joe Edward Morris. First, she says, the ALJ incorrectly applied the legal standards required by the regulations. Docket 11, p. 6-8. Second,

4

she asserts that the ALJ substituted his own opinion for that of Dr. Morris, a medical expert, without substantial justification. Docket 11, p. 8-11. In sum, both claims of error assert improper application of legal standards in weighing Dr. Morris's opinion. *See* Docket 11. The plaintiff contends not only that 20 C.F.R. § 404.1527 required that the ALJ give Dr. Morris's opinion more weight as an examining source [Docket 11, p. 7], but also that Dr. Morris's opinion was entitled to controlling weight because he is a specialist and the only mental health professional to examine the plaintiff. Docket 11, p. 7, 8.

The Commissioner responds, and the court agrees, that the ALJ was within his discretion to discount Dr. Morris's opinion. To begin, the Commissioner did not dispute that Dr. Morris examined the plaintiff. The regulation states that an examining source is generally given more weight than the opinion of a source who has not examined the claimant. *See* 20 C.F.R. § 404.1527(c)(1). However, the examining relationship, like the nature and extent of the treatment relationship among other things, is simply one factor to be considered in deciding what weight to give any medical opinion. *See* 20 C.F.R. § 404.1527(c)(1).

Rather, the Commissioner contends Dr. Morris's opinion was not entitled to greater weight because he was merely an examining physician and not a treating physician. Docket 13, p. 8. Reports of *treating* physicians are entitled to greater weight than opinions of *consultative* physicians, unless there is good cause to weigh them differently. *See Scott v. Heckler*, 770 F.2d 482 (5th Cir. 1985). A treating physician is one who has provided medical treatment or evaluation in an ongoing treatment relationship. 20 C.F.R. § 404.1502. A consulting physician, on the other hand, is someone who examines a patient once, whether at the request of the Commissioner or plaintiff's counsel. In this instance, Dr. Morris conducted a single consultative

5

examination less than a month before the ALJ hearing. Docket 7, p. 16, 346. As there was no ongoing treatment relationship, his opinion is not entitled to the great weight normally afforded to treating physicians' opinions. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995).

The plaintiff also claims Dr. Morris's opinion was entitled to greater weight because he is a specialist and, additionally, the only mental health professional to examine the plaintiff. Docket 11. However, as the Commissioner correctly asserts, the fact that Dr. Morris is a specialist in his field does not make his opinion absolutely controlling. An ALJ is tasked with considering the record as a whole; a medical professional's specialization is but one relevant factor in weighing the evidence. 20 C.F.R. § 404.1527(d)(5) (other factors include examining relationship, treatment relationship, supportability, consistency, and other information tending to support or contradict the opinion). The notion that Dr. Morris's opinion is entitled to controlling weight simply because of his status as a psychologist would be to misconstrue the law and disregard the remainder of the claimant's treatment history.

In assessing the claimant's residual functional capacity, the ALJ scrutinized the claimant's entire medical record [Docket 7, pp. 13-26] and her full treatment history, including the medical opinions of consultative examiner Dr. John Adams and agency consultant Dr. Madena Gibson. Docket 7, pp. 23-24. Dr. John Adams's opinion, which the ALJ gave significant weight, was that the claimant could function at a level consistent with a reduced range of light work. Docket 7, pp. 23, 275-84. Dr. Madena Gibson's opinion, which the ALJ ultimately gave little weight, was that the claimant's impairments were not severe. Docket 7, pp. 24, 265. In addition to these medical opinions, the ALJ considered the plaintiff's medical treatment records. Docket 7, pp. 19-25. The ALJ noted that not only was there no record

evidence to document mental problems of the extent Dr. Morris reported but, there was no evidence of any mental impairment diagnosis at all before Dr. Morris's evaluation. Docket 7, p. 23. In fact, the ALJ noted several specific instances in claimant's records when she affirmatively denied having depression, anxiety, or mental problems. Docket 7, pp. 23, 226, 315.

As fact-finder, the ALJ has sole responsibility for weighing the evidence. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). Within that role as fact-finder, an ALJ may reject a physician's opinion when the evidence supports a contrary conclusion. *See Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995); *see also Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). Here, the ALJ determined that a preponderance of the record evidence did not support Dr. Morris' evaluation. Docket 7, p. 24. On appeal of that decision, the court must consider whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999) (citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993)); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). If there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley*, 197 F.3d at 197 (citation omitted). The ALJ found Dr. Morris's opinion to be entirely inconsistent with the record evidence. Docket 7, p. 24. This evidence included medical treatment records that indicated no mental health issues, repeated denials of mental impairment throughout claimant's treatment history, reported activities, social interactions, and abilities that were inconsistent with Dr. Morris's findings and an overall absence of any prior mental

impairment diagnoses or suggestions of possible diagnoses. Docket 7, p. 24.

To satisfy the substantial justification standard, the ALJ must find "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley*, 197 F.3d at 197 (citation omitted). In this instance, the ALJ's decision satisfies the standard. Because a reasonable mind could certainly conclude, just as the ALJ did here, that Dr. Morris's opinion was inconsistent with a preponderance of the record evidence and should be discounted, the court concludes that the ALJ did not improperly evaluate Dr. Morris's opinion. This claim is without merit.

## **V. CONCLUSION**

After a review of the evidence presented to the ALJ, this court finds that the ALJ's opinion was supported by substantial evidence and must be affirmed. The ALJ thoroughly analyzed plaintiff's alleged impairments, including those for which little support appeared in the record. He properly weighed the evidence from plaintiff's medical treatment history and evaluated plaintiff's impairments under all the necessary steps. The ALJ's decision to give Dr. Morris's opinion little weight was supported by substantial evidence and the Commissioner's decision should be affirmed. A separate judgment in accordance with this Memorandum Opinion will issue this date.

This the 23rd day of February, 2015.

                                              /s/ S. Allan Alexander
                                              UNITED STATES MAGISTRATE JUDGE